**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CANDISE M. CARFLEY | : | |
| | : | |
| Appellant | : | No. 452 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 20, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0001045-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: May 7, 2024**

Candise Carfley appeals from the judgment of sentence imposed after she pled guilty to retail theft.[1]  She challenges the validity of her plea, claiming it was not knowingly, voluntarily, and intelligently made.  Additionally, Carfley's counsel filed a petition to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On September 17, 2022, Carfley was observed on CCTV at the Clearfield Walmart under ringing items at a self-checkout station.  Carfley left the store with her merchandise, got in her car, and left.  The Walmart asset protection investigator ("API") called police.

---

[1] 18 Pa.C.S.A. § 3929(a)(4).

When the police pulled Carfley over, she claimed that she left the store to find her debit card. Her card was found at a nearby Sheetz, where she left it. Additionally, police discovered that Carfley had an active warrant in Bucks County.

Carfley later admitted to police that she concealed something from Walmart, but not purposely. The API recovered all the items Carfley attempted to leave with, which totaled $570.76. Carfley was arrested and charged.

On January 19, 2023, Carfley entered a negotiated guilty plea to retail theft. On March 20, 2023, the trial court sentenced Carfley to 6 to 12 months' incarceration and 30 months' concurrent probation. Carfley did not file a post-sentence motion.

Carfley filed this timely appeal. She and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[2] Counsel filed a petition to withdraw from representation and an *Anders* brief with this Court. Carfley did not retain independent counsel or file a *pro se* response to the *Anders* brief.

---

[2] We note that, when counsel intends to file an *Anders* brief and asks this Court to withdraw, counsel should file a statement pursuant to Rule 1925(c)(4) rather than Rule 1925(b).

Additionally, our review disclosed that counsel failed to attach a copy of the concise statement to the *Anders* brief as required by our appellate rules. *See* Pa.R.A.P. 2111(d). We decline to take any recourse but remind counsel of this requirement.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise [her] of [her] right to retain new counsel, proceed *pro se*, or raise any additional points [the defendant] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e*., the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel filed both an *Anders* brief and a petition for leave to withdraw. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Carfley of counsel's intention to seek permission to withdraw and advising Carfley of her right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Carfley's appeal is wholly frivolous.

In the *Anders* brief, counsel indicates that Carfley only wishes to challenge the validity of her plea. Specifically, Carfley claims that she did not enter her plea knowingly, voluntarily, and intelligently because she was unaware that it would affect her prior record score and serve as grounds for a probation violation in another county. Because she did not realize the consequences of her plea, Carfley maintains she should be permitted to withdraw it. *Anders* Brief at 7.

Initially, we note a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or at sentencing or file a motion to withdraw the plea within ten days of sentencing. Failure to do any of these results in waiver. *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013) (citations omitted); *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002); *see* Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). "It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017).

Upon review of the record, we observe that Carfley did not preserve her issue for appeal. Carfley did not seek to withdraw her guilty plea at any time orally on the record or by filing a timely post-sentence motion. Consequently, Carfley's issue is waived.

Because it is waived, the issue is frivolous under *Anders*. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888-89 (Pa. Super. 2016) (citing *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

However, even if Carfley's issue was not waived, we still would conclude that it is frivolous. To be valid, a guilty plea must be voluntary, knowing, and intelligent. ***Commonwealth v. Persinger***, 615 A.2d 1305 (Pa. 1992). To ensure that a plea satisfies these requirements, the trial court should, at a minimum, elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590(A)(1) cmt.[3] This Court has further summarized:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of [her] plea and that [she] knowingly and voluntarily decided to enter the plea.

_____

[3] The Comment to Rule 590 includes a seventh proposed question that is only applicable when a defendant pleads guilty to murder generally.

*Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993); *see also Commonwealth v. Muhammad*, 794 A.2d 378 (Pa. Super. 2002).

Here, the plea hearing record shows that the trial court conducted an oral colloquy. During it, the trial court:

> first asked [Carfley] to confirm her age, the highest grade of school she completed, and whether she has any issues reading, writing, or understanding the English Language. [Carfley] was thirty-eight (38) years old, received her G.E.D., and claimed to have no issues reading, writing, or understanding the English Language.

Trial Court Opinion, 7/12/23, at 4 (citations omitted). The court explained that: "These simple inquiries set a baseline of [Carfley's] understanding of the colloquy and the result of tendering a guilty plea." *Id.* The trial court then:

> proceeded to confirm with [Carfley] that she knew and understood that she (1) had a right to a jury trial; (2) was presumed innocent until proven guilty beyond a reasonable doubt under the Constitution; (3) the permissible range of sentences and fines that may be imposed for the offenses; (4) the maximum possible sentence and/or fine that may be imposed (found on the first page of the plea agreement); and (5) that the sentencing judge is not bound by the terms of the plea agreement unless the judge accepts the plea. [Carfley] confirmed that she understood and did not object to or ask any questions regarding the colloquy or the plea agreement.

*Id.*

However, the trial court did not conduct a fully compliant colloquy under Rule 590. Notably, it did not assess Carfley's understanding of the charges to which she was pleading guilty or set forth the existence of a factual basis for

- 7 -

the guilty plea. In fact, the trial court acknowledged on the record that its colloquy was a shortened version but sufficient. N.T., 1/19/23, at 5. Despite this, the totality of the circumstances surrounding Carfley's plea demonstrate that she entered it knowingly, voluntarily, and intelligently.

Carfley also completed a written guilty plea colloquy, which she read and signed. Notably, the written colloquy asked Carfley if she understood the nature of the charges against her and if the factual basis for the charges had been explained to her and if she understood it. It further asked whether she understood that the plea could affect any probation. To all these questions, Carfley answered yes. Additionally, Carfley signed the plea agreement, which incorporated her written colloquy and set forth the charge to which she pled guilty. Moreover, that Carfley was unaware of the effect her plea would have on her prior record score or her probation is not a basis for relief. As our Supreme Court has explained, a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea. *See Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2021); *see also Commonwealth v. Brown*, 680 A.2d 884, 887 (Pa. Super. 1996) (holding the possibility of a probation revocation is a collateral consequence which is not invalidated by a defendant's lack of knowledge). Thus, if Carfley had preserved this issue, we would conclude that her plea was valid.

For the foregoing reasons, we conclude that Carfley's sole claim on appeal is frivolous. Further, in accordance with *Dempster*, we have independently reviewed the certified record to determine if there are any non-

frivolous issues that counsel may have overlooked. Having found none, we agree that the appeal is wholly frivolous. Therefore, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Murray joins.

Judge Bowes concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/7/2024